UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ECTOR, | ) | CASE NO. 3:14 CV 825 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SHERI DUFFEY, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On April 17, 2014, Petitioner *pro se* John Ector filed the above-captioned *in forma pauperis* habeas corpus action under 28 U.S.C. § 2254. Petitioner is incarcerated in an Ohio penal institution, having been convicted in the Lucas County Court of Common Pleas of Rape (2 Counts) and Gross Sexual Imposition (2 Counts). In an Order dated May 2, 2014, he was instructed to file an amended petition containing a valid reason for the apparent untimeliness of this action. By Order dated June 5, 2014, Petitioner was granted an extension of time until July 7, 2014 to file his amended petition, but was cautioned no further extensions would be granted. Petitioner nevertheless filed a second Motion for Enlargement of Time (ECF # 9) on July 9, 2014. That Motion is denied. Further, for the reasons set forth below, the Petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state

remedies. 28 U.S.C. § 2254(b).

As grounds for relief, Petitioner asserts: 1) he was denied effective assistance of counsel, and, 2) he was denied a fair trial because certain evidence was not allowed to be submitted to the jury. The Petition reflects his convictions were affirmed by the Ohio Court of Appeals on December 30, 2010. The Ohio Supreme Court declined jurisdiction of Petitioner's direct appeal on August 24, 2011. *State v. Ector*, 129 Ohio St. 1449 (2011).

Persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As already noted, Petitioner completed his direct appeal in 2011. Further, none of the circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply. While Petitioner was afforded ample opportunity to explain the untimeliness of this action, he has not provided any reasonable suggestion of a basis for tolling the one-year statute of limitations. The Petition is therefore time-barred.

Accordingly, the request to proceed *in forma pauperis* is granted, the Petition is denied,

-2-

and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

      IT IS SO ORDERED.

                                      s/ Christopher A. Boyko
                                      CHRISTOPHER A. BOYKO
                                      UNITED STATES DISTRICT JUDGE

DATED: July 14, 2014